IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>WILLIE HAMPTON,<br><br>Defendant. | Case No. CR14-0104<br><br>ORDER FOR PRETRIAL DETENTION |

On the 22nd day of October, 2015, this matter came on for hearing on the Government's request to have the Defendant detained prior to trial. The Government was represented by Assistant United States Attorney C.J. Williams. The Defendant appeared personally and was represented by his attorney, Christopher J. Nathan.

## I. RELEVANT FACTS AND PROCEEDINGS

On September 24, 2014, Defendant Willie Hampton was charged by Indictment (docket number 2) with one count of possession of a firearm by a misdemeanant domestic abuser. At the arraignment on October 20, 2015, Defendant entered a plea of not guilty and trial was scheduled before Chief Judge Linda R. Reade on December 21, 2015.

Officer Tracy Weems of the FBI Safe Streets Task Force testified regarding the circumstances underlying the instant charges. On November 6, 2012, Defendant was arrested on an unrelated state court charge of delivery of controlled substances. On December 3, 2012, while Defendant was still in jail, his wife brought a gun to the Cedar Rapids Police Department, which she said belonged to Defendant. Defendant's wife claimed he had threatened her during a phone call while in jail. Jail calls are routinely recorded, but Weems did not know whether authorities saved the alleged threatening call. Apparently, Defendant's alleged possession of a firearm was not pursued at that time.

Nearly 20 months later, on July 26, 2014, Cedar Rapids police officers responded to a call of shots fired. A car being driven by Defendant was stopped and found to have two "fresh" bullet holes. When Defendant was interviewed three days later, he was asked about the gun which was surrendered by his wife in December 2012. According to Defendant, his wife's cousin brought it over to their house and Defendant told him to leave it under the sofa. Defendant's wife later retrieved it from the dresser in their bedroom. Approximately two months after the interview, on September 24, 2014, a grand jury returned the indictment in this case, charging Defendant with being in possession of a firearm "on or about" December 3, 2012. (Defendant was apparently in jail from November 6, 2012 to December 13, 2012.) A warrant was issued for Defendant's arrest after the indictment was returned but, for whatever reason, he was not arrested until more than one year later (October 19, 2015).

Defendant, age 56, was born and raised in Chicago. During the 1980s, he lived in Milwaukee for five years and in the 1990s, he lived in Mississippi for five years. In 2008, Defendant moved to Ames, Iowa, and then moved to Cedar Rapids in 2009. He has lived in Cedar Rapids since that time. Prior to his arrest, Defendant was living with his wife, and she confirmed that he would be welcome to return to their residence if released.

Defendant has been employed through a temporary employment agency since February 2015. He also receives social security disability payments. According to Defendant, he suffered strokes in 2009 and 2013, which cause him issues with balance and memory loss. He also suffers from high blood pressure and high cholesterol. Defendant also reported he has been treated for depression since about 2009 and had "breakdowns" in 2013 and 2014, which required his hospitalization.

Defendant describes himself as a social drinker, but admits his alcohol consumption has been problematic at times. Defendant claims he last consumed alcohol in July 2014. Defendant also admitted that he used marijuana on a daily basis for most of his adult life, although he denied using marijuana since February 2013. Defendant completed an

2

inpatient substance abuse treatment program in February 2015 and was in an outpatient treatment program from February to June 2015. He is currently enrolled in the drug court program in state court.

Defendant has an extensive prior criminal record, spanning 12 pages in the pretrial services report. The Court will not detail his record in this Order. By the Court's count, however, the Defendant has failed to appear for court proceedings on at least ten occasions. In addition, he has committed numerous offenses while on pretrial release or probation. Most recently, Defendant was placed on probation in February 2013 for distribution of heroin. Since that time, he has been convicted of disorderly house, operating while intoxicated — second offense, and criminal mischief in the fifth degree. He has been found in violation of his probation on three occasions and sentenced for being in contempt of court.

## II. DISCUSSION

The release or detention of a defendant pending trial is governed by the Bail Reform Act of 1984, 18 U.S.C. § 3142. In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Id.* at 755.

### A. Legal Standard to be Applied

If the government moves to have a defendant detained prior to trial, the court must undertake a two-step inquiry. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988). The Court must first determine by a preponderance of the evidence that the case involves an offense listed in 18 U.S.C. § 3142(f)(1), or that the defendant presents certain risk factors, as identified in § 3142(f)(2). *Id.* Once this determination has been made, the court then determines, pursuant to § 3142(e), whether any condition or combination of conditions will reasonably assure the defendant's appearance at trial and the safety of the community. *Id.*

Regarding the first step, pretrial detention is not authorized unless the Court finds that at least one of seven enumerated circumstances is applicable. 18 U.S.C. § 3142(f). The first five enumerated circumstances refer to "offense types," such as crimes of violence, offenses punishable by life imprisonment, serious drug offenses, felonies committed by repeat offenders, and felonies involving minor victims or guns. 18 U.S.C. § 3142(f)(1)(A-E). The last two enumerated circumstances where a hearing is authorized involve "risk factors," such as a serious risk of flight, or a serious risk the defendant will obstruct justice. 18 U.S.C. § 3142(f)(2)(A-B).

Regarding the second step, if following a hearing "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," then the judicial officer must order the defendant detained pending the trial. 18 U.S.C. § 3142(e). A finding that no condition or combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the defendant's appearance, however, must only be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985).

In determining whether any condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including (a) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the defendant was on probation, parole, or other pretrial release; and (4) the nature and seriousness of the danger

to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

## B. Analysis

Turning to the facts in the instant action, Defendant is charged with one count of possession of a firearm by a misdemeanant domestic abuser. Accordingly, regarding the first step in the analysis, the Court finds that detention is authorized pursuant to 18 U.S.C. § 3142(f)(1)(E).

The evidence against Defendant would appear to be fairly strong. When Defendant's wife surrendered the weapon at the Cedar Rapids Police Department, she told officers that it belonged to Defendant. When Defendant was questioned about the weapon some time later, he admitted that the weapon was left at his residence by his wife's cousin, and that he had possession of it. Weighing in favor of release is the fact that Defendant apparently has a stable residence, was employed, and has lived in Cedar Rapids for the past six years. Offsetting these favorable factors, however, is Defendant's substantial criminal record and his performance while on pretrial release or probation. Defendant has committed numerous criminal acts while on pretrial release or probation. Most recently, he was convicted of disorderly house, operating while intoxicated, and criminal mischief while on probation for distribution of heroin. According to the pretrial services report, he also violated his probation by consuming alcohol on multiple occasions, being unsuccessfully terminated from substance abuse treatment, and submitting four urine samples which tested positive for marijuana. Moreover, Defendant has failed to appear for court or sentencing on at least ten occasions, requiring a warrant to be issued for his arrest. The Court has no confidence that Defendant would comply with any terms or conditions which it may impose for his release.

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds the Government has met its burden of proving by a preponderance of the evidence that no condition or combination of conditions

will reasonably assure the appearance of Defendant as required. The Court further finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if Defendant is released. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained prior to trial. Defendant was advised in open court of his right to file a motion with the District Court for revocation or amendment of this Order.

### III. ORDER

IT IS THEREFORE ORDERED as follows:

1. The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

3. On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. The time from the Government's oral motion to detain (October 20, 2015) to the Ruling of the Court (October 22, 2015) shall be excluded in computing the time within which the trial must commence pursuant to the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(D).

DATED this 27th day of October, 2015.

JON STUART SCOLES
CHIEF MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA